UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICKY H. IVORY d/b/a
SKATETAMPA.COM,**

    **Plaintiff,**

v.                                      Case No. 8:07-cv-2354-T-TBM

**BIRGIT HOLME d/b/a
SQUIGGYCLASSICINLINE.COM,**

    **Defendants**
                                    /

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion and Memorandum for Attorney's Fees and Costs** (Doc. 138),[1] Plaintiff's Motion in Opposition to Attorney's Fees and Costs (Doc. 140), and Plaintiff's Supplemental Motion in Opposition to Attorney's Fees and Costs (Doc. 141).[2] By her motion, Defendant seeks an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 54 and 17 U.S.C. § 505 as the prevailing party in this action. In response, Plaintiff urges that Defendant has failed to offer any substantive reason as to why attorney's fees should be awarded and why the court should depart from the "American Rule" that each party bear its own attorney's fees.

---

[1] Additionally, Defendant filed a supplement to her motion which contains a certification of compliance pursuant to Local Rule 3.01(g). *See* (Doc. 139).

[2] Although Plaintiff has styled these pleadings as a "motion," they are, in fact, his responses to Defendant's motion for fees and costs.

Defendant's motion asserts that she is entitled to $105,300.00 in attorney's fees and $2,927.03 in taxable costs by virtue of the jury verdict in her favor. The motion predominantly addresses the validity of the amount requested citing case law analyzing the applicability of the lodestar approach.[3] However, the court must conduct a threshold inquiry as to whether attorney's fees should be awarded. Under 17 U.S.C. § 505, the awarding of costs and fees is left to the discretion of the court. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 523 (1994).[4] Specifically, the Copyright Act provides in pertinent part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fees to the prevailing party as part of the costs.

17 U.S.C. § 505. Several nonexclusive factors that courts may consider in making awards of fees include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. at 535, n.19 (citations omitted). However, these factors must be applied in keeping with the purposes of the Copyright Act

---

[3]Under the lodestar approach, the amount of a reasonable fee is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Thereafter, the court may adjust accordingly based on the quality of the results and representation in the litigation. *Id.*

[4]In *Fogerty*, the Supreme Court rejected the petitioner's claim that § 505 intended to adopt the British Rule for automatic recovery of attorney's fees by a prevailing party. 510 U.S. at 534.

which has as its "primary objective . . . to encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* at 524.

  In the instant matter, the Defendant was the prevailing party by virtue of a jury verdict in her favor. However, as noted above, this does not give rise to an automatic entitlement to attorney's fees. By my consideration, while this suit was little more than a tempest in a teapot, I am unable to conclude that the claim was "frivolous" or that Plaintiff did not have an "objectively reasonable" basis for his claim. *See e.g., Matthew Bender & Co. v. West Publ'g* Co., 240 F.3d 116, 122 (2d Cir. 2001) ("imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act"); *Nat'l Nonwovens, Inc. v. Consumer Prod. Enters., Inc.*, 397 F. Supp. 2d 245, 260 (D. Mass. 2005) (where plaintiff possessed valid copyright, it had a colorable copyright claim, and thus court exercised its discretion to deny defendant's request for attorney's fees even though defendant prevailed on all counts); *Streeter v. Rolfe*, 491 F. Supp. 416, 422 (W.D. La. 1980) (award of attorney's fees improper in copyright infringement suit where plaintiff reasonably assumed his craftsmanship was plagiarized and suit was brought in good faith). Plaintiff introduced evidence of a valid copyright in the contents of his website, which included the race course map and the 2007 race results. Additionally, the court determined there was a question of fact as to whether the map and race results were sufficiently similar such that the question was submitted for the jury's consideration.[5]

---

[5] In the Order on Defendant's Motion for Summary Judgment, this court found sufficient similarities in the creative portions of Plaintiff's and Defendant's maps to submit the issue to the jury. *See* (Doc. 108 at 14).

Although Plaintiff did not ultimately prevail, the court's prior rulings dictate the proper result on this motion. Accordingly, I decline to depart from the traditional "American Rule" by awarding Defendant her attorney's fees.

As to Defendant's request for costs, Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). In taxing costs under Rule 54, courts may tax only those costs explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007).

The affidavit of defense counsel sets forth the taxable costs sought. *See* (Doc. 138-3 at 2). Specifically, Defendant has requested reimbursement for Plaintiff's deposition

transcript, witness mileage and fees, copying costs for trial exhibits, and subpoena fees[6] which are compensable costs under 28 U.S.C. § 1920. These taxable costs total $1,242.27. However, Defendant's motion seeks recovery for express shipping charges[7], mediator fees[8] and expert witness fees which are not authorized under 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (error for court to award as costs expert witness fees in excess of amount permitted for witnesses under 28 U.S.C. §§ 1821, 1920). Although 17 U.S.C. § 505 allows for the award of "full costs" in the discretion of the trial court, there is no language in the statute which indicates that § 505 permits recovery of costs beyond the limitations specified in 28 U.S.C. § 1920. *See Artisan Contractors Ass'n of America v. Frontier Ins. Co.*, 275 F.3d 1038, 1040 (11th Cir. 2001) (holding that "full costs" language of 17 U.S.C. § 505 does not permit recovery of expert witness fees beyond limitations set forth in 28 U.S.C. §§ 1920 and 1821).

---

[6]The fees of a private process server may be taxed pursuant to § 1920(1) so as long as they do not exceed the statutory fee authorized in § 1921. *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

[7]Generally, delivery costs and express mail are not compensable under § 1920. See *Van Voorhis v. Hillsborough Bd. of County Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244 (M.D. Fla. 2008) and cases cited therein.

[8]Of the circuits that have specifically addressed the recovery of mediation costs pursuant to § 1920, they have held such costs not taxable. *See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) (disallowing mediation fees as not authorized under 28 U.S.C. § 1920); *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782-83 (8th Cir. 2002); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001).

Upon consideration, Defendant's Motion and Memorandum for Attorney's Fees and Costs (Doc. 138) is **GRANTED** to the extent that Defendant is awarded taxable costs in the amount of $1,242.27. In all other respects, Defendant's motion is **DENIED**.

**Done and Ordered** at Tampa, Florida, this 30th day of April 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record