# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RICKY H. IVORY d/b/a**
**SKATETAMPA.COM,**

        **Plaintiff,**

**v.**                                     **Case No. 8:07-cv-2354-T-TBM**

**BIRGIT HOLME d/b/a**
**SQUIGGYCLASSICINLINE.COM,**

        **Defendants**
_____/

# O R D E R

THIS MATTER is before the court on **Defendant's Motion for Reconsideration of Order on Defendant's Motion and Memorandum for Attorney's Fees and Costs** (Doc. 143) and Plaintiff's response in opposition (Doc. 144). By her motion, Defendant requests this court reconsider its Order (Doc. 142) granting in part and denying in part Defendant's Motion and Memorandum for Attorney's Fees (Doc.138) and seeks an Order from the court granting her $105,300.00 in attorney's fees and $1,750.00 in additional costs.

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Mannings v. Sch. Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235 (M.D. Fla.

1993).  In this district, a request for reconsideration is appropriate in only three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Internat'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co.*, 922 F. Supp. 577, 579 (M.D. Fla. 1996).  A motion for reconsideration is not intended for a party to relitigate issues which have already been found lacking.  *Gov't Personnel Servs., Inc. v. Gov't Personnel Mutual Life Ins. Co.*, 759 F. Supp. 792, 793 (M.D. Fla. 1991), *aff'd*, 986 F. 2d 506 (11th Cir. 1993).

The Defendant does not identify in her motion an intervening change in controlling law or the availability of new evidence.[1]  Rather, Defendant contends that the court's Order denying fees was clear error and constitutes a manifest injustice.  In support, she urges that to obtain an award of attorney's fees under 17 U.S.C. § 505, a prevailing party is *not* required to show that the losing party acted in bad faith or attempted to maintain a frivolous claim.[2]  Additionally, she argues that the court improperly relied upon *National Nonwovens, Inc. v. Consumer Products Enterprises, Inc.*, 397 F. Supp. 2d 245 (D. Mass. 2005), because in that case the parties agreed that the plaintiff possessed valid copyrights.  The Plaintiff misapprehends the court's reliance on *National Nonwovens*, *supra*, which was one of several

---

[1]While Defendant makes note of Plaintiff's subsequent e-mail communication after the conclusion of the case as evidence of his "true motivation," the court finds such comments about the verdict and the court's rulings are not "new evidence" which would justify reconsideration of the court's order denying fees.

[2]Plaintiff cites *Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1043 (11th Cir. 1987).

cases cited which discuss a court's discretionary power to impose fees under the Copyright Act.

Despite Defendant's representations to the contrary, an award of fees to a prevailing party is not mandated by Section 505. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 523 (1994) (under 17 U.S.C. § 505, the awarding of costs and fees is left to the discretion of the court). To the contrary, the language of the statute itself makes an award of fees and costs discretionary. In pertinent part, section 505 provides, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).

In this motion, the Defendant merely attempts to relitigate her contention that she should be entitled to attorneys' fees. That contention has been rejected, and it is not properly reargued in a motion for reconsideration.

As to Defendant's initial request for costs, the court granted same, albeit at a reduced amount. On her motion for reconsideration, Defendant requests additional fees for the hiring of a fee expert. Defendant alleges that she hired the fee expert after the filing of her motion for fees and costs and now seeks reimbursement for the hiring of this expert. Defendant did not seek to supplement her prior motion to include this alleged taxable cost, and the costs of the fee expert were not the subject of this court's order of which Defendant

seeks reconsideration.  Thus, this issue is not appropriate for consideration on the instant motion.

Accordingly, Defendant's Motion for Reconsideration of Order on Defendant's Motion and Memorandum for Attorney's Fees and Costs (Doc. 143) is **denied**.

**Done and Ordered** at Tampa, Florida, this 15th day of January 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4